UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; VIRGIN RECORDS AMERICA, INC.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GROVE PARK MUSIC, INC.; EMI LONGITUDE MUSIC; EMI ROBBINS CATALOG INC.; EMI U CATALOG, INC.; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC.; EMI WATERFORD MUSIC, INC., | 07 Civ. 11357 (SHS) (MJD) |
|          Plaintiff, | **ANSWER OF** <br> **DEFENDANT MULTIPLY, INC.** <br><br> **JURY TRIAL DEMANDED** <br><br> **Filed Electronically** |
|     v. | |
| MULTIPLY, INC. and PETER PEZARIS, | |
|          Defendants. | |

Defendant Multiply, Inc. ("Multiply"), by and through its undersigned counsel, hereby responds to the Amended Complaint of Capitol Records, Inc., *et al.* ("Plaintiffs") as follows:

1.    Denies the allegations in Paragraph 1 of the Amended Complaint, and further avers that Paragraph 1 states legal conclusions as to which no responsive pleading is required.

2.    Admits that Multiply operates a social networking site and that, as part of the operation of that service, registered users are able to create personal websites where they may post personal digital content to share with authorized friends and family members, but except as expressly admitted, denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3.    Denies the allegations in Paragraph 3 of the Amended Complaint.

4.      Admits that Multiply users can "subscribe" to Multiply-hosted pages and receive emails from "multiply@multiply.com," but denies the allegations in Paragraph 4 of the Amended Complaint insofar as they may be construed to assert copyright infringement on the part of Multiply, and denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5.      Admits that Multiply sells advertising that appears on the pages of Multiply.com and Multiply-hosted pages created and viewed by Multiply users, but denies the allegations in Paragraph 5 of the Amended Complaint insofar as they may be construed to assert copyright infringement on the part of Multiply, and denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6.      Admits that Multiply has referred to itself as an "easy-to-use, one-stop solution for sharing a variety of digital media," but denies any suggestion that this phrase implies that Multiply engages in or otherwise encourages the unlawful reproduction or distribution of copyrighted materials, and denies the remaining allegations in Paragraph 6 of the Amended Complaint (including specifically the allegation comparing Multiply to Napster, Aimster, KaZaA, and Morpheus).

7.      Denies the allegations in Paragraph 7 of the Amended Complaint insofar as they may be construed to assert copyright infringement on the part of Multiply, but admits that Plaintiffs sent correspondence to Multiply in late 2007.

8.      Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint.

9.      Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint.

10.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint.

11.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint.

12.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint.

13.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint.

14.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint.

15.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint.

16.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint.

17.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint.

18.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint.

19.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint.

20.    Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint.

21.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint.

22.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint.

23.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint.

24.     Admits that Multiply is a Delaware company with a small, two-person, satellite office in New York, New York, and avers that its principal place of business is in Boca Raton, Florida.

25.     Admits the allegations in Paragraph 25 of the Amended Complaint, but avers that Pezaris is domiciled in Florida and owns only a minority equity interest in Multiply.

26.     Paragraph 26 of the Amended Complaint purports to set forth legal conclusions as to which no responsive pleading is required.

27.     Paragraph 27 of the Amended Complaint purports to set forth legal conclusions as to which no responsive pleading is required.

28.     States that the first two sentences of Paragraph 28 of the Amended Complaint purport to set forth legal conclusions as to which no responsive pleading is required, admits that Multiply has a small, satellite office in New York State and in the Southern District of New York, but, except as so admitted, denies the allegations insofar as they may be construed to suggest that Pezaris does or transacts any business in New York or in this judicial district.

29.     Denies the allegations in Paragraph 29 of the Amended Complaint.

30.     Paragraph 30 of the Amended Complaint purports to set forth legal conclusions as to which no responsive pleading is required, but to the extent that any response is required, Multiply admits that venue may be proper in this judicial district on the allegations as pleaded, but is not convenient for either defendant, which are headquartered and domiciled, respectively, in the State of Florida.

31.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint, but denies the allegations to the extent they allege any infringement by Multiply.

32.     Paragraph 32 of the Amended Complaint purports to set forth legal conclusions as to which no responsive pleading is required, but to the extent any response is required, Multiply avers that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint, but denies the allegations to the extent they allege any infringement by Multiply.

33.     Paragraph 33 of the Amended Complaint purports to set forth legal conclusions as to which no responsive pleading is required, but to the extent any response is required, Multiply avers that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint, but denies the allegations to the extent they allege any infringement by Multiply.

34.     Paragraph 34 of the Amended Complaint purports to set forth legal conclusions as to which no responsive pleading is required, but to the extent any response is required, Multiply avers that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint.

35.    Admits that Multiply owns and operates a website at www.multiply.com and was founded in December 2003, but except as expressly admitted, denies the remaining allegations in Paragraph 35 of the Amended Complaint.

36.    Denies the allegations in Paragraph 36 of the Amended Complaint and refers to the document attached as Exhibit C to the Amended Complaint for a full and accurate statement of its contents.

37.    Admits that Multiply recently introduced an iPhone-compatible version of its service and that Pezaris has been quoted in the manner identified, but denies the allegations in Paragraph 37 of the Amended Complaint insofar as they are intended to assert or imply any copyright infringement on the part of Multiply.

38.    Admits that Multiply has received financial support from third-party investors and that certain of Multiply's investors have designated representatives on its board of directors, but except as expressly admitted, denies the remaining allegations in Paragraph 38 of the Amended Complaint.

39.    Admits that Pezaris is the founder and CEO of Multiply, and that he is also an investor in the company (with a minority equity interest), but except as expressly admitted, denies the remaining allegations in Paragraph 39 of the Amended Complaint.

40.    Multiply admits that it operates a "social networking" website, and that, as part of the operation of that service, registered users are able to create personal websites where they may post personal digital content to share with authorized friends and family, but except as expressly admitted, denies the allegations in Paragraph 40 of the Amended Complaint insofar as they are intended to assert or imply any copyright

infringement on the part of Multiply, and refers to the document attached as Exhibit H to the

Amended Complaint for a full and accurate statement of its contents.

      41.     Denies the allegations in Paragraph 41 of the Amended Complaint

      42.     Admits that Multiply operates a "social networking" website, and that,

as part of the operation of that service, registered users are able to create personal websites

where they may post personal digital content to share with authorized friends and family;

denies the allegations in Paragraph 42 of the Amended Complaint insofar as they may be

construed to assert or imply any copyright infringement on the part of Multiply; avers that

Multiply, pursuant to its terms of service and the requirements of the DMCA safe harbors (17

U.S.C. § 512), expeditiously removes any potentially infringing materials posted on, or

linked to through, its website upon notice that reasonably complies with the safe harbor

notice requirements; and refers to the documents attached as Exhibit H and I to the Amended

Complaint for a full and accurate statement of their content.

      43.     Admits that Multiply operates a "social networking" website, and that,

as part of the operation of that service, registered users are able to create personal websites

where they may post personal digital content to share with authorized friends and family;

denies the allegations in Paragraph 43 of the Amended Complaint insofar as they may be

construed to assert or imply any copyright infringement on the part of Multiply; avers that

Multiply, pursuant to its terms of service and the requirements of the DMCA safe harbors (17

U.S.C. § 512), expeditiously removes any potentially infringing materials posted on, or

linked to through, its website upon notice that reasonably complies with the safe harbor

notice requirements; and states that Multiply lacks knowledge and information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 43 of the Amended

Complaint.

44.     Admits that Multiply operates a "social networking" website, and that,

as part of the operation of that service, registered users are able to create personal websites

where they may post personal digital content to share with authorized friends and family; but

except as expressly admitted, denies the allegations in Paragraph 44 of the Amended

Complaint insofar as they may be construed to assert or imply any copyright infringement on

the part of Multiply; avers that Multiply, pursuant to its terms of service and the requirements

of the DMCA safe harbors (17 U.S.C. § 512), expeditiously removes any potentially

infringing materials posted on, or linked to through, its website upon notice that reasonably

complies with the safe harbor notice requirements; and states that Multiply lacks knowledge

and information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 44 of the Amended Complaint.

45.     Admits that Multiply operates a "social networking" website, and that,

as part of the operation of that service, registered users are able to create personal websites

where they may post personal digital content to share with authorized friends and family;

denies the allegations in Paragraph 45 of the Amended Complaint insofar as they may be

construed as asserting copyright infringement on the part of Multiply; avers that Multiply,

pursuant to its terms of service and the requirements of the DMCA safe harbors (17 U.S.C. §

512), expeditiously removes any potentially infringing materials posted on, or linked to

through, its website upon notice that reasonably complies with the safe harbor notice

requirements; and states that Multiply lacks knowledge and information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 45 of the Amended Complaint.

46.    Admits that Multiply operates a "social networking" website, and that, as part of the operation of that service, users are able to create personal websites where they may post personal digital content to share with friends and family; denies the allegations in Paragraph 46 of the Amended Complaint insofar as they may be construed to assert or imply any copyright infringement on the part of Multiply, avers that Multiply, pursuant to its terms of service and the requirements of the DMCA safe harbors (17 U.S.C. § 512), expeditiously removes any potentially infringing materials posted on, or linked to through, its website upon notice that reasonably complies with the safe harbor notice requirements; and states that Multiply lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Amended Complaint.

47.    Admits that Multiply operates a "social networking" website, and that, as part of the operation of that service, users are able to create personal websites where they may post personal digital content to share with friends and family; denies the allegations in Paragraph 47 of the Amended Complaint insofar as they may be construed to assert or imply any copyright infringement on the part of Multiply; avers that Multiply, pursuant to its terms of service and the requirements of the DMCA safe harbors (17 U.S.C. § 512), expeditiously removes any potentially infringing materials posted on, or linked to through, its website upon notice that reasonably complies with the safe harbor notice requirements; and states that Multiply lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Amended Complaint.

48.    Admits that Multiply has in the past provided the ability for registered users to search its site for information posted by users, but denies that this ability is currently

afforded as relates to music files, and denies the remaining allegations in Paragraph 48 of the

Amended Complaint.

49.     Denies the allegations in Paragraph 49 of the Amended Complaint.

50.     Denies that Multiply currently offers functionality in which users can

search for music files and/or download them from Multiply, and lacks knowledge and

information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 50 of the Amended Complaint.

51.     Admits that users can subscribe to Multiply user websites to receive

updates on new postings to those sites – using the same technology, "RSS," that other

frequently-updated websites on the Internet use; and denies the allegations in Paragraph 51 of

the Amended Complaint insofar as they may be construed as alleging copyright infringement

on the part of Multiply.

52.     Admits that Multiply users can subscribe to Multiply user websites to

receive updates on new postings to those sites – using the same technology, "RSS," that other

frequently-updated websites on the Internet use; and denies the allegations in Paragraph 52 of

the Amended Complaint insofar as they may be construed as alleging copyright infringement

on the part of Multiply.

53.     Denies the allegations in paragraph 53 of the Amended Complaint.

54.     In response to Paragraph 54 of the Amended Complaint, admits that

Multiply received a letter from Plaintiffs' counsel dated August 15, 2007 but lacks

knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the manner by which it was sent; denies that Plaintiffs sent any take down notices

pursuant to the DMCA and/or Multiply's Terms of Service and Use; and denies the

remaining allegations in Paragraph 54 of the Amended Complaint.

55.    In response to Paragraph 55 of the Amended Complaint, admits that

Plaintiffs' counsel sent a letter to Multiply dated September 10, 2007, along with a schedule

of allegedly infringing works but lacks knowledge and information sufficient to form a belief

as to the truth of the allegations regarding the manner in which it was sent; denies that

Multiply took no action in response thereto and avers that it took steps to remove allegedly

copyrighted material from the websites specifically identified by Plaintiffs' letter; and denies

the remaining allegations in Paragraph 55 of the Amended Complaint.

56.    Denies the allegations in Paragraph 56 of the Amended Complaint.

Multiply refer to the document attached as Exhibit X to the Amended Complaint, which is

Multiply's Terms of Service and Use, for a full and accurate statement of its contents.

57.    Admits that Multiply's Terms of Service and Use provide for the

submission of DMCA "take down" notices, but denies the allegations in Paragraph 57 of the

Amended Complaint that such notices are meaningless.

58.    Lacks knowledge and information sufficient to form a belief as to the

truth of the allegations in Paragraph 58 of the Amended Complaint.

59.    Lacks knowledge and information sufficient to form a belief as to the

truth of the allegations in Paragraph 59 of the Amended Complaint.

60.    Denies the allegations in Paragraph 60 of the Amended Complaint.

61.    Admits that URLs for some files on Multiply are dynamic rather than

static; avers that the purpose of such website design is to specifically protect copyrights

because dynamic (*i.e.*, non-persistent) URLs prevent pirates from uploading copyrighted

material online and then posting the link to that material in website forums or in emails to

hundreds, if not thousands, of individuals; and denies the allegations in Paragraph 61 of the

Amended Complaint insofar as they may be construed to assert or imply any copyright

infringement on the part of Multiply.

62.    Lacks knowledge and information sufficient to form a belief as to the

truth of the allegations in the first sentence, and expressly denies those in the second sentence

of Paragraph 62 of the Amended Complaint.

63.    Multiply refers to and incorporate by reference their responses to

Paragraphs 1-62 of the Amended Complaint.

64.    Denies the allegations in Paragraph 64 of the Amended Complaint.

65.    Denies the allegations in Paragraph 65 of the Amended Complaint.

66.    Denies the allegations in Paragraph 66 of the Amended Complaint.

67.    Denies the allegations in Paragraph 67 of the Amended Complaint.

68.    Denies the allegations in Paragraph 68 of the Amended Complaint.

69.    Denies the allegations in Paragraph 69 of the Amended Complaint.

70.    Denies the allegations in Paragraph 70 of the Amended Complaint.

71.    Denies the allegations in Paragraph 71 of the Amended Complaint.

72.    Multiply refers to and incorporate by reference its responses to

Paragraphs 1-71 of the Amended Complaint.

73.    Denies the allegations in Paragraph 73 of the Amended Complaint.

74.    Denies the allegations in Paragraph 74 of the Amended Complaint.

75.    Denies the allegations in Paragraph 75 of the Amended Complaint.

76.    Denies the allegations in Paragraph 76 of the Amended Complaint.

77. Denies the allegations in Paragraph 77 of the Amended Complaint.

78. Denies the allegations in Paragraph 78 of the Amended Complaint.

79. Denies the allegations in Paragraph 79 of the Amended Complaint.

80. Denies the allegations in Paragraph 80 of the Amended Complaint.

81. Denies the allegations in Paragraph 81 of the Amended Complaint.

82. Multiply refers to and incorporate by reference its responses to

Paragraphs 1-81 of the Amended Complaint.

83. Denies the allegations in Paragraph 83 of the Amended Complaint.

84. Denies the allegations in Paragraph 84 of the Amended Complaint.

85. Denies the allegations in Paragraph 85 of the Amended Complaint.

86. Denies the allegations in Paragraph 86 of the Amended Complaint.

87. Denies the allegations in Paragraph 87 of the Amended Complaint.

88. Denies the allegations in Paragraph 88 of the Amended Complaint.

89. Denies the allegations in Paragraph 89 of the Amended Complaint.

90. Denies the allegations in Paragraph 90 of the Amended Complaint.

91. Denies the allegations in Paragraph 91 of the Amended Complaint.

92. Multiply refers to and incorporates by reference its responses to

Paragraphs 1-91 of the Amended Complaint.

93. Denies the allegations in Paragraph 93 of the Amended Complaint.

94. Denies the allegations in Paragraph 94 of the Amended Complaint.

95. Denies the allegations in Paragraph 95 of the Amended Complaint.

96. Denies the allegations in Paragraph 96 of the Amended Complaint.

97. Denies the allegations in Paragraph 97 of the Amended Complaint.

98.     Denies the allegations in Paragraph 98 of the Amended Complaint.

99.     Denies the allegations in Paragraph 99 of the Amended Complaint.

100.    Denies the allegations in Paragraph 100 of the Amended Complaint.

101.    Multiply refers to and incorporates by reference its responses to

Paragraphs 1-100 of the Amended Complaint.

102.    Denies the allegations in Paragraph 102 of the Amended Complaint.

103.    Denies the allegations in Paragraph 103 of the Amended Complaint.

104.    Denies the allegations in Paragraph 104 of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

**Facts Common to Multiply's Affirmative Defenses**

105.    Multiply owns and operates what is commonly referred to as a "social networking" website – *i.e.*, an Internet service where users may share information about themselves and their experiences with a network of friends and relatives.

106.    Through Multiply's service, users can keep in touch with their social networks of friends and relatives by posting information about themselves, their lives and their interests to a personal "home page."  Social sites like Multiply serve to provide users with a single place to share the "stuff" that makes up their day-to-day lives with their network of friends and relatives.  Posting information to a Multiply website is similar to sending a group of friends an email with attached photos of a recent vacation – the distinction being that instead of receiving photos attached to an email, the friends view photos directly on the user's Multiply website, either in response to an email prompt, or out of general curiosity about recent events in the user's life.

14

107.    The content users post on their Multiply pages may take a variety of forms, including written "blog" (*i.e.*, journal) entries, photo albums, home videos, audio files, and so on.  The vast majority of material posted to Multiply's service has never been the subject of a claim of copyright infringement.  Audio files comprise a tiny fraction of the total content posted by users on Multiply.

108.    Information is posted on Multiply's service solely at the direction of its users.  Multiply does not create, approve, or edit any user-generated content.  To the extent Multiply becomes aware of user content that violates its Terms of Service and Use or is subject to a DMCA notice, Multiply may remove such postings and/or disable user accounts.

109.    Multiply respects third parties' intellectual property rights.  Multiply expressly warns its users that they are prohibited from posting any unauthorized copyrighted content, and, consistent with the safe harbors established under the DMCA, responds expeditiously to DMCA-compliant "notice and take-down" requests from copyright holders, has a policy of terminating the accounts of repeat infringers, and permits users to self-police the site for objectionable content through the use of readily accessible links to "Report Abuse."

110.    The Plaintiffs, on information and belief, have, for many years, released their copyrighted works in various forms and formats that are relatively easy for anyone to reproduce and transmit digitally, while at the same time not developing and/or offering online services, such as Multiply, efficient and effective technological solutions to facilitate the identification of their allegedly copyrighted works.  Indeed, in April 2007, Plaintiffs (or some of them) went so far as to release their catalogues in widely-used digital

15

formats without any "Digital Rights Management" coding whatsoever, thereby making it even easier for consumers to access their music, but further increasing the difficulties and expenses faced by online services like Multiply in addressing complaints by copyright owners concerning the independent activities of some users of their online services.

### First Affirmative Defense (DMCA Safe Harbor)

111.    Plaintiffs' claims are barred in whole or in part, because Multiply is entitled to the benefits of the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### Second Affirmative Defense (Failure to Give Notice)

112.    Plaintiffs' claims are barred, in whole or in part, by failure to comply with the notice and other requirements of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### Third Affirmative Defense (Lack of Standing)

113.    Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged infringement of works for which Plaintiffs do not (or did not) own or control the exclusive right allegedly infringed at the time of the infringement.

### Fourth Affirmative Defense (Invalid and/or Unenforceable Certificates)

114.    Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged infringement of works for which (i) valid and enforceable copyright registration certificates do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership or chain of title to the work (*e.g.*, where a work was represented in a copyright application to be a "work for hire" when the work applied for did not qualify as such).

**Fifth Affirmative Defense (Failure to State a Claim)**

115.    Plaintiffs' allegations fail to state a claim for copyright infringement of any work not listed in Exhibits A and B of the Amended Complaint.

**Sixth Affirmative Defense (Fair Use)**

116.    Plaintiffs' claims are barred, in whole or in part, by the fair use doctrine.

**Seventh Affirmative Defense (Laches)**

117.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**Eighth Affirmative Defense (License)**

118.    Plaintiffs' claims are barred, in whole or in part, by licenses, express and implied, granted or authorized to be granted by Plaintiffs.

**Ninth Affirmative Defense (Failure to Mitigate)**

119.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate damages, if any.

**Tenth Affirmative Defense (Statutory Damages)**

120.    Plaintiffs' claim for statutory damages, if any, is limited to the extent that Plaintiffs are not able to allege or prove facts sufficient to show that the alleged infringement by Multiply was willful.

**Eleventh Affirmative Defense (Innocent Intent)**

121.    Plaintiffs' claim for damages, whether actual or statutory, is limited by Multiply' innocent intent.

### Twelfth Affirmative Defense (Copyright Misuse)

122.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of copyright misuse.

### Thirteenth Affirmative Defense (Estoppel)

123.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### Fourteenth Affirmative Defense (Waiver)

124.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Fifteenth Affirmative Defense (Unclean Hands)

125.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Sixteenth Affirmative Defense (Substantial Non-Infringing Use)

126.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs are unable to show that Multiply's online services, including any features capable of allowing registered users to upload, store and transmit their personal music files, do not constitute facially-neutral technology capable of substantial non-infringing uses.

### Seventeenth Affirmative Defense (No Punitive Damages)

127.    Plaintiffs' prayer for punitive damages is barred as a matter of law because such damages are unavailable for copyright infringement.

## DEMAND FOR JURY TRIAL

Defendant Multiply respectfully demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Multiply hereby prays as follows:

1.      That Plaintiff take nothing by their Amended Complaint and a judgment be entered in favor of Defendants and against Plaintiff, dismissing the Complaint with prejudice;

2.      That Defendants be awarded its costs of suit, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505 or other applicable law; and

3.      That Defendants be granted such other and further relief, in law or equity, as this Court may find just and proper.


Dated:    New York, New York
          March 31, 2008

By:/s/ Jeffrey A. Conciatori
    Jeffrey A. Conciatori
    (jeffreyconciatori@quinnemanuel.com)
    Jonathan B. Oblak
    (jonathanoblak@quinnemanuel.com)
    Adam B. Wolfson
    (adamwolfson@quinnemanuel.com)
    QUINN EMANUEL URQUHART
     OLIVER & HEDGES, LLP
    51 Madison Avenue
    New York, New York 10010
    (212) 849-7000

    Attorneys for Defendants
    *Multiply, Inc. and Peter Pezaris*

19