UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MULTIPLY, INC. and PETER PEZARIS,<br><br>    Defendants. | No. 07 Civ. 11357 (SHS)(MHD)<br><br>**Filed Electronically** |

**MEMORANDUM OF LAW IN SUPPORT
<u>OF DEFENDANT PETER PEZARIS' MOTION TO DISMISS</u>**

                  QUINN EMANUEL URQUHART
                   OLIVER & HEDGES, LLP
                  51 Madison Avenue, 22nd Floor
                  New York, New York 10010
                  (212) 849-7000

                  *Attorneys for Defendants Multiply, Inc.
                  and Peter Pezaris*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND....................................................................................................2

ARGUMENT...............................................................................................................................3

I. THERE IS NO BASIS FOR PERSONAL JURISDICTION OVER PETER PEZARIS UNDER SECTIONS 301 OR 302 OF THE CPLR .....................................4

    A.    Pezaris is Not Doing Business in New York Pursuant to CPLR 301. ...............5

    B.    Plaintiffs Inadequately Plead Jurisdiction Pursuant to CPLR 302....................6

II. HALING PEZARIS INTO NEW YORK WOULD VIOLATE DUE PROCESS................9

    A.    Pezaris Does Not Have The Necessary "Minimum Contacts" With New York...................................................................................................................10

    B.    Jurisdiction Over Pezaris Would Be Unreasonable. ........................................12

        1.    New York Jurisdiction Over Pezaris Will Be Unduly Burdensome. ...............................................................................................13

        2.    New York Does Not Have An Interest ................................................13

        In Exercising Jurisdiction Over Pezaris Personally. ........................................13

        3.    Plaintiffs Will Still Have Convenient And Effective Relief................13

        4.    The Interstate Judicial System Retains Its Interest ..............................14

        In Obtaining The Most Efficient Resolution Of The Controversy. ..................14

        5.    Dismissing Pezaris Does Not................................................................14

        Adversely Affect Any Substantive Social Policies..........................................14

CONCLUSION...........................................................................................................................15

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*AMPA Ltd. v. Kentfield Capital LLC*,
   No. 00 Civ. 0508, 2001 WL 204198 (S.D.N.Y. Mar. 1, 2001) ..........................................7

*Aldinger v. Segler,*
   No. 04 Civ. 4405(RJH), 2005 WL 2591958 (S.D.N.Y. Oct. 13, 2005) ..............................3

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   171 F.3d 779 (2d Cir. 1999) ..............................................................................................4

*Black v. USA Travel Auth., Inc.*,
   No. 99 Civ. 11278, 2001 WL 761070 (S.D.N.Y. July 6, 2001) .........................................5

*Champion Motor Group, Inc. v. Visone Corvette of Mass.*,
   992 F. Supp. 203 (E.D.N.Y. 1998) ...................................................................................7

*Donatelli v. National Hockey League,* 893 F.2d 459 (1st Cir. 1990) ......................................10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ..................................................................................................7, 10

*Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 956 F. Supp. 1131 (S.D.N.Y. 1997) .................9

*Karabu Corp. v. Gitner*,
   16 F. Supp. 2d 319 (S.D.N.Y. 1998) ........................................................................4, 7, 8

*Kiobel v. Royal Dutch Petroleum Co.*,
   Nos. 02 Civ. 7618, 04 Civ. 2665, 2008 WL 591869 (S.D.N.Y. Mar. 4, 2008) ................11

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*,
   918 F.2d 1039 (2d Cir. 1990) ................................................................................9, 11, 12

*Landoil Resources corp. v. Alexander & Alexander Servs., Inc.*,
   77 N.Y.2d 28, 563 N.Y.S.2d 739 (1990) ..........................................................................4

*Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*,
   425 F. Supp. 2d 402 (S.D.N.Y. 2006) ....................................................................4, 6, 7, 9

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996) ..........................................................................4, 10, 13, 14

*Ontel Prods. v. Project Strategies Corp.*,
   899 F. Supp. 1144 (S.D.N.Y.1995) .............................................................................8, 15

*Pacamor Bearings, Inc. v. Molon Motors & Coil, Inc.*,
   102 A.D.2d 355, 477 N.Y.S.2d 856 (3d Dept. 1984) ......................................................12

*PaineWebber Inc. v. WHV, Inc.*,
    No. 95 Civ. 0052, 1995 WL 296398 (S.D.N.Y. 1995) ....................................................... 11

*In re Parmalat Secur. Litig.*,
    376 F. Supp. 2d 449 (S.D.N.Y. 2005) ............................................................................... 13

*Pilates, Inc. v. Current Concepts*,
    No. 96 Civ. 0043, 1996 WL 599654 (S.D.N.Y. Oct. 18, 1996) ......................................... 8

*Retail Software Svcs., Inc. v. Lashlee*,
    854 F.2d 18 (2d Cir. 1988) ................................................................................................. 8

*In re Rhodia S.A. Securities Litig.*,
    531 F. Supp. 2d 527 (S.D.N.Y. 2007) ............................................................................... 10

*Savoleo v. Couples Hotel*,
    136 A.D.2d 692, 524 N.Y.S.2d 52 (2d Dept. 1988) ......................................................... 12

*Sterling Interiors Group, Inc. v. Haworth, Inc.*, No. 94 Civ. 9216, 1996 WL 426379
    (S.D.N.Y. July 30, 1996) .................................................................................................... 7

*United Computer Capital Corp. v. Secure Products, L.P.*,
    218 F. Supp. 2d 273 (N.D.N.Y. 2002) .......................................................................... 9, 11

*Whitaker v. American Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001) ............................................................................................... 3

This memorandum is respectfully submitted on behalf of defendant Peter Pezaris ("Pezaris") in support of his motion, pursuant to Federal Rule of Civil Procedure 12(b)(2), for an order dismissing the Amended Complaint as against him for lack of personal jurisdiction.

## PRELIMINARY STATEMENT

Plaintiffs Capitol Records, Inc., Caroline Records, Inc., EMI Christian Music Group Inc., Virgin Records America, Inc., Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music, EMI Full Keel Music, EMI Grove Park Music, Inc., EMI Longitude Music, EMI Robbins Catalog Inc., EMI U Catalog, Inc., EMI Virgin Music, Inc., EMI Virgin Songs, Inc., and EMI Waterford Music, Inc. (collectively, "Plaintiffs") originally filed this copyright infringement action against Multiply, Inc. ("Multiply"), a Florida-based company that owns and operates a social networking website.  The original complaint asserted that Multiply, which is headquartered in Boca Raton, Florida, has engaged in direct and secondary infringement of certain of Plaintiffs' alleged copyrighted works (or unfair competition in respect of certain "pre-1972" recordings) on its site.  Two months after filing the original pleading, and shortly after making an unsuccessful effort to resolve the dispute, Plaintiffs amended their pleading to add Peter Pezaris, Multiply's CEO, as an individual defendant, advancing no allegations about him other than that he is the founder, CEO and a shareholder of Multiply,  and that "Multiply's actions are made under the direction, supervision and/or control of Pezaris, and with his knowledge."  (*See ¶¶* 1, 25 and 39 of the Amended Complaint, attached as Ex. A to the accompanying Declaration of Jeffrey A. Conciatori).  Such vague and non-specific boilerplate barely, if at all, passes muster under Rule 12(b)(6) to state a claim for relief against Pezaris, but the Court need not reach that issue because, as demonstrated below, no basis exists for personal jurisdiction over him.

1

The Amended Complaint fails to make even a *prima facie* showing of jurisdiction over Pezaris. As confirmed in his accompanying declaration, Pezaris, a long-time Florida resident (as the Amended Complaint concedes), does not have sufficient contacts with New York to confer personal jurisdiction under New York's statutes or the United States Constitution. He has none of the permanent or systematic contacts (or personal business activities) typically required for general jurisdiction, and his infrequent and sporadic contacts with New York did not give rise to the litigation, which is required for specific jurisdiction. Dismissal of all claims against Pezaris is therefore warranted under Federal Rule of Civil Procedure 12(b)(2).

## FACTUAL BACKGROUND

Multiply owns and operates a social networking website on the Internet located at http://multiply.com. (*See* Declaration of Peter Pezaris ¶ 2) ("Pezaris Decl."). Pezaris, Multiply's current President and CEO, founded the company in Boca Raton, Florida in November 2003 and launched its social networking website soon afterward, in early 2004. (*Id.* ¶¶ 1-2). Over the past four years, Multiply has grown and today employs 23 individuals, 18 of whom work in Boca Raton. (*Id.* ¶ 2). Two employees work out of a small office in New York, and one employee each works in San Francisco, New Jersey and Lithuania. (*Id.*).

Pezaris' current stake in Multiply amounts to slightly more than 25% of the company's outstanding stock. (*Id.* ¶ 12). Pezaris is one of five Board members, and is one of the four senior officers of the company who manages the day-to-day affairs of the company. (*Id.* ¶ 12-13).

Multiply's registered user base has also grown over the past four years, with a current base of approximately 8 million registered users. (*Id.* ¶ 4). Although Multiply is unable to be absolutely certain of users' locations, it does request as part of the registration

2

process that users indicate their state or country of residence. (*Id.*). Approximately 125,000 users have indicated that they reside in New York. (*Id.*).

Pezaris does not reside in or visit New York with any regularity. (*Id.* ¶¶ 2, 5-9, 11, 13-15). He lives in Delray Beach, Florida, pays taxes in Florida and has a Florida driver's license. (*Id.* ¶¶ 5-6). He does not own any property in New York and does not have any bank accounts or mailing addresses there. (*Id.* ¶¶ 7-9). All documents related to this litigation were served either in Florida or California. (*Id.* ¶ 10).

Over the past several years, Pezaris has traveled to New York on several occasions for Multiply business, averaging less than one week per year in New York during that period. (*Id.* ¶¶ 11, 14). None of those visits, however, related in any way to Multiply's music functionality. (*Id.* ¶ 11). One trip, for example, was to meet with representatives of a prospective buyer of Multiply. (*Id.*). On another trip he met with representatives of a Philippines-based media company that happened to be in New York on business unrelated to Multiply. (*Id.*). With the exception of trips such as these, done for the convenience of the party with whom he was meeting, the only other time Pezaris came to New York on Multiply business in the past several years was in response to Plaintiffs' request that Pezaris fly to New York to discuss resolving this dispute. (*Id.*).

**ARGUMENT**

Plaintiffs bear the burden of establishing that this Court may exercise personal jurisdiction over Pezaris. *See Aldinger v. Segler,* No. 04 Civ. 4405, 2005 WL 2591958, at *2 (S.D.N.Y. Oct. 13, 2005) (citing *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001)). "To determine whether it may exercise personal jurisdiction over a non-domiciliary, a district court engages in a two-part analysis. First, the court must determine whether jurisdiction exists under the law of the forum state, here, New York. Second, the

3

court must determine whether the exercise of jurisdiction under state law satisfies federal due process requirements." *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 419 (S.D.N.Y. 2006) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir. 1999)). In order for due process to be satisfied, a defendant must have "minimum contacts" with New York, and jurisdiction over the defendant must be "reasonable." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 568 (2d Cir. 1996).

Plaintiffs have not made a *prima facie* showing of jurisdiction over Pezaris, nor can they. Pezaris is a non-domiciliary who does not have any sort of continuous or systematic contact with New York. The few contacts he does have did not give rise to any of the claims in this action and certainly do not meet the threshold required to satisfy New York's jurisdiction statutes or Constitutional due process. Moreover, these limited contacts could not have created the reasonable expectation that Pezaris would be haled into New York to defend a personal lawsuit. Dismissal for lack of personal jurisdiction is therefore required.

**I.**

**THERE IS NO BASIS FOR PERSONAL JURISDICTION OVER PETER PEZARIS UNDER SECTIONS 301 OR 302 OF THE CPLR**

There are two bases for jurisdiction under New York law, CPLR 301 and 302. Under CPLR 301, "personal jurisdiction is proper if the defendant is 'doing business' in New York so as to establish a presence in the State. The defendant must be doing business 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 322 (S.D.N.Y. 1998) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33-34, 563 N.Y.S.2d 739, 741 (1990)). CPLR 302(a) permits personal jurisdiction over a defendant when the plaintiff's claims relate

4

directly to the defendant's New York contacts and the defendant, personally or through an agent, (1) transacts business within the state, (2) commits a tortious act in-state, or (3) commits a tortious act outside the state causing injury in-state, but only if the defendant also regularly does or solicits business in-state.  Pezaris is not subject to jurisdiction in New York under either standard.

A. **Pezaris is Not Doing Business in New York Pursuant to CPLR 301.**

"It is well-settled that where a corporation is doing business in New York, an officer of the corporation does not subject himself individually to 301 jurisdiction unless he is doing business in New York personally." *Black v. USA Travel Auth., Inc.*, No. 99 Civ. 11278, 2001 WL 761070, at *4 (S.D.N.Y. July 6, 2001).  In order for Plaintiffs to establish 301 jurisdiction, then, they must show that he conducts some sort of business in New York in his personal capacity.

Plaintiffs' Amended Complaint contains only general and conclusory allegations regarding Pezaris' conduct in New York and makes no allegations that he acted in anything other than his capacity as an officer of Multiply.  (*See* Amended Complaint, ¶¶ 28-29 (alleging, *inter alia* and without any supporting facts, that Defendants conduct business in New York and that Multiply's New York-based users cause injury to Plaintiffs in New York due to Plaintiffs' residence in-state)).  Nowhere do Plaintiffs assert that Pezaris conducts personal business in New York. (*Id.*).  Plaintiffs' allegations, even if accepted as true, are insufficient to support jurisdiction.

Indeed, there can be no dispute that Pezaris' few contacts with New York fail to approach the "permanen[t] and continu[ous]" activities required for 301 jurisdiction. *See Karabu*, 16 F. Supp. 2d at 322 (finding no 301 jurisdiction because defendants did not derive

5

any income from New York outside of their corporate capacities). As noted above, Pezaris does not reside in New York, does not pursue personal business ventures there, does not have any real or personal property in-state, does not have bank accounts in New York, and does not have any mailing addresses in New York. (Pezaris Decl. ¶¶ 5-9). Moreover, the few trips he has made to New York in the past several years have all been Multiply-related. (*Id*. ¶ 11). Consequently, there is no basis to find, on pleadings construed in Plaintiffs' favor or otherwise, that Pezaris conducted any personal business in New York and is in any other way subject to 301 jurisdiction.

**B.     Plaintiffs Inadequately Plead Jurisdiction Pursuant to CPLR 302.**

Plaintiffs' allegations regarding the potential for CPLR 302 jurisdiction over Pezaris are limited to single, conclusory paragraph of the Amended Complaint. Without advancing any supporting facts (even on information and belief), Plaintiffs allege, in Paragraph 39 of the Amended Complaint, that (a) Multiply's actions benefit Pezaris; (b) Multiply's infringing activities are made under Pezaris' direction, supervision, and/or control, and with his knowledge; (c) Pezaris contributes to these activities; and (d) Pezaris benefits from Multiply's actions. Plaintiffs also identify Pezaris as the founder of the company, its CEO, and an investor. (*Id.*).

Under Second Circuit precedent, general and conclusory allegations such as these are inadequate as a matter of law. At a minimum, courts require that a pleading contain sufficient facts from which a basis for jurisdiction over a defendant reasonably can be inferred. *See Merck*, 425 F. Supp. 2d at 420-21 (dismissing claims against corporate officer where the complaint alleged insufficient facts "to permit the Court to determine whether the exercise of personal jurisdiction over [defendant] would satisfy the requirements of due

6

process"). When, as here, a pleading fails to provide such minimal facts, the court's ability to determine the constitutionality of personal jurisdiction over the parties is hampered and thus dismissal is required. *Id.*

CPLR 302 provides for specific personal jurisdiction over a defendant "when the plaintiff's claim relates directly to the defendant's New York contacts, however limited [the contacts are]." *Karabu*, 16 F. Supp. 2d at 322 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)). Given that Pezaris has no contacts giving rise to Plaintiffs' claims, the question is whether he was a "primary actor" in the alleged copyright infringement committed by Multiply, and, therefore, whether Multiply was his agent for jurisdictional purposes. *See Champion Motor Group, Inc. v. Visone Corvette of Mass.*, 992 F.Supp. 203, 206 (E.D.N.Y. 1998) ("Before a defendant corporation may be found to be acting as the agent of a corporate officer, courts require that the officer be a 'primary actor' in the transaction carried out by the corporation.") (citation omitted).

When a plaintiff attempts to attach jurisdiction over a corporate officer based on the corporation's actions, the complaint cannot merely make "broadly worded and vague allegations about [the officer's] participation in the specific matter at hand." *Karabu*, 16 F. Supp. 2d at 324 (citing *Sterling Interiors Group, Inc. v. Haworth, Inc.*, 1996 WL 426379, at *15 (S.D.N.Y. July 30, 1996)); *see also AMPA Ltd. v. Kentfield Capital LLC*, No. 00 Civ. 0508, 2001 WL 204198, at *3 (S.D.N.Y. Mar. 1, 2001) (dismissing claims against corporate officer because plaintiffs did not specifically allege control over the corporation sufficient to infer that corporation acted as officer's agent). Plaintiffs' allegations against Pezaris do not satisfy this standard and, instead, are the epitome of "broadly worded and vague."

7

While Pezaris is Multiply's founder, President and CEO, these facts alone cannot give rise to the inference that Multiply acted as his agent. *See Ontel Prods. v. Project Strategies Corp.,* 899 F.Supp. 1144, 1149 (S.D.N.Y.1995) ("It is not enough that [defendant], as President of P.S.C., likely possessed authority to direct all the activities that gave rise to this suit. If that were the case, the president of every company would be subject to jurisdiction in New York based on activities with which he or she had no personal involvement and over which he or she exercised no decision making authority."). Nor can a mere assertion that Pezaris benefits from and controls the corporation's actions constitute a *prima facie* showing of jurisdiction. *See Pilates, Inc. v. Current Concepts*, No. 96 Civ. 0043, 1996 WL 599654, at *3 (S.D.N.Y. Oct. 18, 1996) (dismissing claims against officer because allegations of control over the corporation did not contain supporting facts or any assertion of officer's specific role in the tortious conduct at issue).

Instead of making unsupported claims, Plaintiffs are required to allege facts that, if true, would demonstrate that the "corporate officer had been a driving force behind the corporation's allegedly wrongful actions." *Karabu*, 16 F. Supp. 2d at 325; *see also Retail Software Svcs., Inc. v. Lashlee*, 854 F.2d 18 (2d Cir. 1988) (upholding jurisdiction based on allegations that the corporate officer defendants personally made oral misrepresentations and sent misleading financial documents to plaintiffs in New York, which gave rise to the litigation). Here, Plaintiffs do not make any such allegations about Pezaris.

Finally, Plaintiffs' pleading not only fails on its face, Plaintiffs cannot show, in any event, that Pezaris meets the requirements of CPLR 302. On average, Pezaris spent less than a week in New York annually over the past several years, and no trip related to Multiply's music features. (Pezaris Decl. ¶ 11). Since these trips were unrelated to the

8

claims at issues, they cannot be the basis for jurisdiction over Pezaris. *See United Computer Capital Corp. v. Secure Products, L.P.*, 218 F. Supp. 2d 273, 278 (N.D.N.Y. 2002) (holding that jurisdiction based on business meetings in New York requires that those business meetings relate to the relationship or cause(s) of action between the parties) (citing *Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 956 F. Supp. 1131, 1136 (S.D.N.Y. 1997)); *see also Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1045 (2d Cir. 1990) (dismissing claims against defendants for lack of jurisdiction because thirteen business trips in eighteen months to New York did not give rise to the litigation).

In sum, Plaintiffs' pleading does not meet the requirements of either CPLR 301 or 302 and, accordingly, the claims against Pezaris should be dismissed.

## II.

## HALING PEZARIS INTO NEW YORK WOULD VIOLATE DUE PROCESS

Even if this Court were to conclude that Plaintiffs have somehow made out a *prima facie* showing of jurisdiction under CPLR 301 or 302, it still must determine whether jurisdiction satisfies the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Merck*, 425 F. Supp. 2d at 419. Plaintiffs cannot meet this burden here.

In order for a court to exercise jurisdiction over a non-domiciliary defendant, the Due Process Clause of the Fourteenth Amendment requires the existence of:

> certain minimum contacts ... such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." In determining whether minimum contacts exist, the court considers the relationship among the defendant, the forum, and the litigation. To establish the minimum contacts necessary to satisfy "specific" jurisdiction, ***the plaintiff first must show that his claim arises out of or relates to defendant's contacts with the forum state***. The plaintiff must also show that the defendant "purposefully availed"

9

> himself of the privilege of doing business in the forum state and that the defendant could foresee being "haled into court" there.

*In re Rhodia S.A. Securities Litig.*, 531 F. Supp. 2d 527, 542 (S.D.N.Y. 2007) (emphasis added). In addition to demonstrating "minimum contacts," jurisdiction over a defendant must also be "reasonable," *Metro. Life,* 84 F.3d at 568. Where the minimum contacts test is not satisfied, the Due Process inquiry ends, and the court need not proceed with the reasonableness analysis. *Metro. Life,* 84 F.3d at 568 (citing *Donatelli v. National Hockey League,* 893 F.2d 459, 462-63 (1st Cir. 1990)).

There exists over Pezaris neither the necessary "minimum contacts" nor a reasonable basis for New York jurisdiction. As such, Plaintiffs cannot show that jurisdiction over Pezaris would satisfy due process.

### A.     Pezaris Does Not Have The Necessary "Minimum Contacts" With New York.

In determining a defendant's "minimum contacts" with a forum state for purposes of Constitutional Due Process, the Supreme Court has set forth standards for either specific or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). "Specific" jurisdiction (or "*in personam*" jurisdiction) is established when the defendant's contacts with the forum state give rise to the claims at issue. *Id.* "General" jurisdiction arises when the defendant's conduct is so "continuous and systematic" that it is as if the defendant is actually present in the state. *Id.*

New York does not have specific personal jurisdiction over Pezaris. As discussed above, Pezaris' only contacts with New York over the past several years were a few business trips related to Multiply's general business activities. These trips were not related to Multiply's music functionality and, therefore, do not relate to Plaintiffs' allegations of infringement. As such, they do not qualify as the sort of contacts required in a specific

10

personal jurisdiction "minimum contacts" analysis. *United Computer*, 218 F. Supp. 2d at 278 (holding that allegations basing jurisdiction solely on business meetings must demonstrate a "substantial nexus between the business transacted and the cause of action sued on"); *see also PaineWebber Inc. v. WHV, Inc.*, No 95 Civ. 0052, 1995 WL 296398, at *3 (S.D.N.Y. 1995) (declining jurisdiction where occasional meetings in New York were unrelated to the cause of action and merely "exploratory, unproductive or insubstantial").

Likewise, Pezaris does not have the sort of "continuous and systematic" minimum contacts with New York required for general personal jurisdiction. *See Kiobel v. Royal Dutch Petroleum Co.*, Nos. 02 Civ. 7618, 04 Civ. 2665, 2008 WL 591869, at *4 (S.D.N.Y. Mar. 4, 2008) (finding no general personal jurisdiction because foreign defendant's in state sales were only "sporadic and occasional"). In making this determination, the Court must consider Pezaris' collective contacts with the state over the "period [of time] that is reasonable under the circumstances."[1] *Id.*

Pezaris' few trips to New York over the past several years do not "approximate physical presence" in New York. *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039 (2d Cir. 1990), is instructive. There, the Second Circuit concluded that thirteen business trips over a period of eighteen months by employees of foreign corporation into New York did not justify exercise of general jurisdiction. Like Pezaris, the defendants in *Landoil* did not have systematic contacts with New York that gave rise to the litigation – the extent of defendants' contacts with New York were also similarly limited to business trips made to New York. *Id.* at 1042. Unlike this case, however, the

*Landoil* defendants made trips to New York, on average, once every month and a half. Despite this, because the trips were of limited duration and dealt with different types of business matter each time, the Second Circuit found that the circumstances demonstrated that the defendants did not systematically and continuously conduct business in New York. *Id.* at 1045.[2] This holding is consistent with New York state precedent. *See Savoleo v. Couples Hotel,* 136 A.D.2d 692, 693, 524 N.Y.S.2d 52, 52 (2d Dept. 1988) (finding "occasional" business trips to New York insufficient for general jurisdiction); *Pacamor Bearings, Inc. v. Molon Motors & Coil, Inc.,* 102 A.D.2d 355, 357-58, 477 N.Y.S.2d 856, 857 (3d Dept. 1984) (denying jurisdiction because nine trips to New York by sales managers over twenty months did not demonstrate continuous and systematic contact).

Given his limited connections to the state, Pezaris does not have "minimum contacts" with New York necessary for either specific or general personal jurisdiction. Consequently, the claims against him should be dismissed.

### B.   **Jurisdiction Over Pezaris Would Be Unreasonable.**

The final requirement for jurisdiction – that it be "reasonable" – also militates in favor of Pezaris. "Reasonableness" is determined by the following five factors: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient

---

[1]   Pezaris respectfully submits that the relevant time period for alleged copyright infringement by the Multiply website would be from Multiply's creation in 2003 through the present.

[2]   Indeed, grounds for dismissal are even more compelling here because the defendants in *Landoil* were corporations, *not* the corporate employees who conducted New York business meetings.

resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *In re Parmalat Secur. Litig.,* 376 F. Supp. 2d 449, 457 (S.D.N.Y. 2005) (citing and quoting *Metro. Life,* 84 F.3d at 568). Weighed individually, each of these factors supports dismissing Pezaris from the case; when combined, they provide an even more compelling basis for dismissal.

### 1. New York Jurisdiction Over Pezaris Will Be Unduly Burdensome.

As Pezaris has noted in his Declaration, he is a resident of Florida and has very little contact with New York. (Pezaris Decl., ¶¶ 5-11). He visits New York only sporadically on Multiply business.. Requiring him to defend himself personally in New York, when he had no reason to believe that he would be personally haled into court in New York based solely on purely corporate visits, would be an unfair burden.

### 2. New York Does Not Have An Interest In Exercising Jurisdiction Over Pezaris Personally.

Plaintiffs are suing Multiply for copyright infringement, and have included Pezaris in his personal capacity based only on general and conclusory allegations. Dismissing Pezaris will not remove the dispute from the court's jurisdiction or impair New York's interest in resolving Plaintiffs' claims. The true parties in interest here, the alleged intellectual property owners and the alleged infringing company, will remain to fully litigate the issues. *See Metro. Life,* 84 F.3d at 574 (noting a forum state has an "arguable interest in providing redress to its own citizens for injuries occurring outside of its jurisdiction.").

### 3. Plaintiffs Will Still Have Convenient And Effective Relief.

Plaintiffs can have convenient and effective relief on their copyright claims without Pezaris. The real defendant in interest in this case, Multiply, has appeared and answered the Amended Complaint and is not contesting jurisdiction. Plaintiffs' allegations

regarding infringement and damages are all directed at Multiply. (*See* Amended Complaint, ¶¶ 36-38) (pointing to Multiply's growth, revenues and outside investment as evidence of allegedly ill-gotten gains). No comparable, specific allegations are made about Pezaris. (*See* Amended Complaint, ¶ 39). Thus, Plaintiffs' own pleading evinces a hope to obtain damages from Multiply, not Pezaris. No reason exists to believe that exercising jurisdiction over Pezaris is necessary to provide the Plaintiffs with convenient and effective relief – and Plaintiffs have advanced none.

### 4. The Interstate Judicial System Retains Its Interest In Obtaining The Most Efficient Resolution Of The Controversy.

For reasons similar to those cited in Sections II.B.2 and II.B.3, *supra*, dismissing Pezaris from this action will not affect the interstate judicial system's interest in obtaining the most efficient resolution of the controversy. This element of the test looks to where witnesses and evidence are likely to be located. *Metro. Life*, 84 F.3d at 574 (citing *Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 129 (9th Cir. 1995)). Since the Plaintiffs are all located in New York and Multiply is headquartered in Florida, dismissing Pezaris, a Florida resident, does not affect the location of any witnesses or evidence or the efficiency of resolving the dispute.

### 5. Dismissing Pezaris Does Not Adversely Affect Any Substantive Social Policies.

Dismissing Pezaris will adhere to the "traditional notions of fair play and substantial justice" required for constitutional jurisdiction, *Metro. Life,* 84 F.3d at 568, rather than adversely affecting the states' shared interest in furthering substantive social policies. Pezaris has very little contact with New York and could not have expected to be sued personally there on matters relating to Multiply's business. By dismissing him from the suit, this Court will further the policy of providing a reasonable expectation for corporate officers

14

that interstate travel on company business will not necessarily render them subject to the personal jurisdiction of every state to which they travel simply because their corporation also transacts business in that state or has an office there.  *See Ontel Prods.*, 899 F.Supp. at 1149 (dismissing claims against corporate officer where allegations against him were based on his purported control of the company's alleged wrongful acts, by virtue of his title alone, and noting that the opposite result would subject all corporate officers to jurisdiction wherever the corporation may end up conducting business).

## **CONCLUSION**

Upon the reasons and authorities discussed above, and upon the accompanying Declarations of Peter Pezaris and Jeffrey A. Conciatori, defendant Peter Pezaris respectfully requests that his motion to dismiss the Amended Complaint as against him for lack of personal jurisdiction be granted.

Dated:   New York, New York
         March 31, 2008

By: /s/ Jeffrey A. Conciatori
Jeffrey A. Conciatori
(jeffreyconciatori@quinnemanuel.com)
Jonathan B. Oblak
(jonathanoblak@quinnemanuel.com)
Adam B. Wolfson
(adamwolfson@quinnemanuel.com)
QUINN EMANUEL URQUHART
 OLIVER & HEDGES, LLP
51 Madison Avenue
New York, New York 10010
(212) 849-7000

Attorneys for Defendants
  *Multiply, Inc. and Peter Pezaris*