UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; VIRGIN RECORDS AMERICA, INC.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GROVE PARK MUSIC, INC.; EMI LONGITUDE MUSIC; EMI ROBBINS CATALOG INC.; EMI U CATALOG, INC.; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC.; EMI WATERFORD MUSIC, INC., <br><br>　　　　　　　　*Plaintiffs*, <br><br>v. <br><br>MULTIPLY, INC. and PETER PEZARIS, <br><br>　　　　　　　　*Defendants*. | No. 07 Civ. 11357 (SHS)(MHD) |

**PLAINTIFFS' INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Plaintiffs Capitol Records, Inc.; Caroline Records, Inc.; EMI Christian Music Group Inc.; and Virgin Records America, Inc. (collectively, the "EMI Music Plaintiffs"), and Colgems-EMI Music Inc.; EMI April Music Inc.; EMI Blackwood Music; EMI Full Keel Music; EMI Grove Park Music, Inc.; EMI Longitude Music; EMI Robbins Catalog Inc.; EMI U Catalog, Inc.; EMI Virgin Music, Inc.; EMI Virgin Songs, Inc.; and EMI Waterford Music, Inc. (collectively, the "EMI Publishing Plaintiffs") (the EMI Music Plaintiffs and the EMI Publishing Plaintiffs, together, "Plaintiffs" or "EMI"), by their attorneys Pryor Cashman LLP, provide the following initial disclosures to Defendants Multiply, Inc. ("Multiply," which also refers to the website Multiply.com) and Peter

Pezaris ("Pezaris") (Multiply and Pezaris, together, "Defendants"), pursuant to Fed. R. Civ. P.26(a)(1). These initial disclosures are based upon information reasonably available to the Plaintiffs at this time. The Plaintiffs expressly reserve the right to supplement and/or modify these initial disclosures as appropriate in accordance with Fed. R. Civ. P. 26(e).

## General Qualifications

Plaintiffs' initial disclosures as set forth herein are subject to the following general qualifications:

1. Plaintiffs' initial disclosures are based on information available to Plaintiffs at this point in time and are made without waiver of any statutory, common law or other privilege or protection against disclosure, and/or any objection as to admissibility or relevance of such evidence in this proceeding or in any other proceeding.

2. Plaintiffs' identification of individuals herein is made without waiver of the right to object, on any grounds, to the particular testimony of any individual.

3. Plaintiffs' identification of documents herein is based on information available to Plaintiffs at this point in time and is made without waiver of the right to object to the relevance or appropriateness of any document and/or the right to object to any document request or other discovery demand on any grounds, including but not limited to overbreadth and/or burden.

4. Plaintiffs expressly reserve the right to revise, supplement and amend the disclosures herein, consistent with the Federal Rules of Civil Procedure.

## Initial Disclosures

A.  **Rule 26(a)(1)(A) Disclosures.**

Plaintiffs believe the following individuals are likely to have discoverable information which such Plaintiffs may use to support their claims:

1. The following individuals are believed to have knowledge regarding each of the elements of each of the Plaintiffs' claims, including, without limitation, the unlicensed exploitation of sound recordings and videos embodying copyrighted content (including content owned or controlled by Plaintiffs) occurring on and via Defendants' site, service and servers; the encouragement and inducement thereof, and the contribution thereto, by Defendants and others (including officers, directors and/or investors of Multiply who are not currently named as Defendants ("Unnamed Co-Contributors")); Defendants' and/or the Unnamed Co-Contributors' knowledge of the infringing activity occurring on and via Defendants' site, service and servers; Defendants' and/or the Unnamed Co-Contributors' right and ability to supervise and/or control the infringing activity; the financial benefit that Defendants and/or the Unnamed Co-Contributors have derived and/or plan to derive from the "draw" of the infringing material; Defendants' and/or the Unnamed Co-Contributors' design and/or distribution of technology, devices and services with the object of and intent of promoting their use to infringe copyrighted materials; the profits that Defendants and/or the Unnamed Co-Contributors have garnered as a result of exploiting EMI's copyrighted content without a license from EMI; and the willfulness of the infringing activities of Defendants and/or the Unnamed Co-Contributors:

  (a) Peter Pezaris, President, Founder, CEO, Administrative Contact and Technical Contact, Multiply, Inc., 6001 Park of Commerce Blvd., Suite 300, Boca Raton, FL 33287.

  (b) Michael Gersh, Vice President of Sales and Marketing, Multiply, Inc., 6001 Park of Commerce Blvd., Suite 300, Boca Raton, FL 33287.

  (c) David Hersh, Vice President of Business Development, Multiply, Inc., 6001 Park of Commerce Blvd., Suite 300, Boca Raton, FL 33287.

  (d) David Scott Carlick, Managing Director, Vantage Point Venture Partners and Member of Board of Directors of Multiply, Inc., c/o Multiply, Inc., 6001 Park of Commerce Blvd., Suite 300, Boca Raton, FL 33287.

  (e) Sean Marsh, General Partner, Point Judith Capital and Member of Board of Directors of Multiply, Inc., c/o Multiply, Inc., 6001 Park of Commerce Blvd., Suite 300, Boca Raton, FL 33287.

  (f) Shin Nagakura, Executive Vice President, Transcosmos Investments and Member of Board of Directors of Multiply, Inc., c/o Multiply, Inc., 6001 Park of Commerce Blvd., Suite 300, Boca Raton, FL 33287.

  (g) The individual identified merely as "Curtis" in the e-mail sent from support@multiply.com to Frank P. Scibilia dated September 10, 2007.

  (h) Any individual not listed above that is a member of Multiply's Board of Directors and/or the "senior management team" that makes "day-to-day decisions about website design features," as described in the March 28, 2008 Declaration of Peter Pezaris.

(i)  Plaintiffs also expect other officers, employees and/or investors of Defendants to have discoverable information that Plaintiffs may use to support their claims in this action.

(j)  In the event of any dispute as to the authenticity of any documentary evidence, including but not limited to any screen shots and downloaded files, EMI reserves the right to call authenticating witnesses.

2.  The following additional individual is believed to have knowledge regarding the role of the Unnamed Co-Contributors in the infringements alleged in the Amended Complaint:  Dmitry Herman, Hinckley, Allen & Snyder LLP, 28 State Street, Boston, MA 02109.

3.  In addition to the individuals listed in paragraph 1, above, Multiply users are believed to have knowledge regarding, *inter alia*, the unlicensed exploitation of sound recordings and videos embodying copyrighted content (including content owned or controlled by Plaintiffs) occurring on and via Defendants' site, service and servers; the encouragement and inducement thereof, and the contribution thereto, by Defendants and others; Defendants' knowledge of the infringing activity occurring on and via Defendants' site, service and servers; and Defendants' right and ability to supervise and/or control the infringing activity.  These users include, but are not limited to, those named (by Multiply user name) in the Amended Complaint and the Exhibits thereto. Plaintiffs expect these and other of Defendants' users to have other discoverable information that Plaintiffs may use to support their claims in this action.

4.  Plaintiffs reserve the right to name additional witnesses as they are identified during the course of discovery.

**B.  Rule 26(a)(1)(B) Disclosures.**

Plaintiffs may use the following categories of documents to support their claims, in this action:

1.  Each of the exhibits to the Amended Complaint.

2.  Additional "screen shots" and files printed or downloaded from Multiply.com and/or various Multiply.com "subsites" evidencing that EMI's copyrighted and common law copyrighted sound recordings and copyrighted compositions were exploited on and via Defendants' site, service and servers.

3.  The data on Defendants' computer servers evidencing, *inter alia*, that EMI sound recordings and compositions were exploited on and via Defendants' site, service and servers, the magnitude of such exploitation, and Defendants' encouragement and inducement thereof and contribution thereto.

4.  The data on the computer hard drives and/or servers of third parties, including without limitation Multiply.com users, evidencing that EMI sound recordings and compositions were exploited on and via Defendants' site, service and servers, the magnitude of such exploitation, and Defendants' encouragement and inducement thereof and contribution thereto.

5.  Copies of the copyright registration certificates for the registered sound recordings and musical compositions infringed by Defendants, including, without limitation, those listed on Exhibits A and B to the Amended Complaint; documents sufficient to establish ownership by an EMI Music Plaintiff of each pre-1972 sound

recordings infringed by Defendants, including those listed on Exhibit A to the Amended Complaint; and any other agreements or documents that may be necessary to establish that a Plaintiff owns or controls a work that has been infringed by Defendants.

6.  The e-mail sent from "Curtis" at support@multiply.com to Frank P. Scibilia dated September 10, 2007.

7.  In addition to the evidence described in paragraph 3, above, Plaintiffs expect Defendants to have other documents that Plaintiffs may use to support their claims and defenses to the counterclaims in this action, including but not limited to other documents relating to the number of EMI works infringed and the level of infringement, Defendants' revenues and profits, Defendants' sophistication in copyright matters, and the degree of Defendants' willfulness.

8.  As discovery continues, Plaintiffs may identify additional categories of relevant documents or learn of the existence or relevance of additional documents not disclosed herein. Plaintiffs reserve the right to supplement this disclosure to identify those additional documents or categories of documents.

C.  **Rule 26(a)(1)(C) Disclosures.**

On their First through Fourth Claims for Relief, Plaintiffs are entitled to recover actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or, alternatively, maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each copyrighted work infringed, or such other amount as may be proper pursuant to 17 U.S.C. § 504(c). On their Fifth Claim for Relief (unfair competition as to pre-1972 sound recordings), Plaintiffs are entitled to recover compensatory and actual damages in an amount to be proven. An accurate computation of these actual and (if so elected)

statutory damages obviously cannot be made until Plaintiffs obtain certain discovery from the Defendants, including, without limitation, evidence (including evidence from Defendants' servers) of the number of EMI works infringed and the level of infringement, Defendants' revenues and profits, Defendants' sophistication in copyright matters, and the degree of Defendants' willfulness. Plaintiffs are also entitled to their attorneys' fees and their full costs incurred in prosecuting this action pursuant to 17 U.S.C. § 505, and such fees and costs can only be computed at the conclusion of this action.

**D.      Rule 26(a)(1)(D) Disclosures.**

Plaintiffs, who are the parties seeking judgment and relief, are not aware of any such insurance agreement. Any such agreement would be in the possession, custody or control of the Defendants.

Dated:  New York, New York
        April 25, 2008

By: _____
Donald S. Zakarin
(dzakarin@pryorcashman.com)
Frank P. Scibilia
(fscibilia@pryorcashman.com)
PRYOR CASHMAN LLP
410 Park Avenue
New York, New York 10022
Phone:  (212) 421-4100

*Attorneys for Plaintiffs*

To:     Jeffrey A. Conciatori
        QUINN EMANUEL URQUHART
          OLIVER AND HEDGES, LLP
        51 Madison Avenue
        New York, New York 10010
        Phone:  (212) 849-7000

        *Attorneys for Defendants*