UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MULTIPLY, INC. and PETER PEZARIS,<br><br>        Defendants. | No. 07 Civ. 11357 (SHS)(MHD)<br><br>**Filed Electronically** |

**REPLY MEMORANDUM IN FURTHER
SUPPORT OF THE MOTION OF DEFENDANT
<u>PEZARIS TO DISMISS THE AMENDED COMPLAINT</u>**

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Defendants Multiply, Inc.
and Peter Pezaris*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

I.  PLAINTIFFS FAIL TO SATISFY
    CORPORATE OFFICE PLEADING REQUIREMENTS ..................................................1

    A.  Copyright Infringement Actions Against
        A Corporate Officer Must Contain Specific
        Allegations That The Officer Authorized And Approved The Infringement ..............2

    B.  Plaintiffs' Allegations Regarding Pezaris' Control
        Over Multiply Are Inadequate as a Matter of Law .......................................................4

II. DUE PROCESS IS NOT SATISFIED HERE AND
    PLAINTIFFS FAIL TO MAKE AN ARGUMENT TO THE CONTRARY ....................6

III. JURISDICTIONAL DISCOVERY IS NOT WARRANTED ...........................................8

CONCLUSION ................................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Bambu Sales, Inc. v. Sultana Crackers, Inc.*,
  683 F. Supp. 899 (E.D.N.Y. 1988)) ..................................................................................2

*Bell Atlantic Corp. v. Twombly*,
  127 S. Ct. 1955 (2007) ......................................................................................................3

*Cable News Network, L.P. v. GoSMS.com, Inc.*,
  No. 00-Civ-4812, 2000 WL 1678039 (S.D.N.Y. Nov. 6, 2000) ........................................4

*Carell v. Shubert Org., Inc.*,
  104 F. Supp. 2d 236 (S.D.N.Y. 2000) ...................................................................2, 4, 5, 6

*Celton Man Trade, Inc. v. Utex S.A.*,
  No. 84-Civ-8179, 1986 WL 6788 (S.D.N.Y. June 12, 1986) ............................................8

*Colour & Design v. U.S. Vinyl Mfg. Corp.*,
  No. 04-Civ-8332, 2005 WL 1337864 (S.D.N.Y. June 3, 2005) ........................................5

*Daventree Ltd. v. Republic of Azerbaijan*,
  349 F. Supp. 2d 736, 761 (S.D.N.Y.2004)) .......................................................................8

*Gear, Inc. v. L.A. Gear California, Inc.*,
  637 F. Supp. 1323 (S.D.N.Y.1986) ...................................................................................8

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982) ..........................................................................................................8

*Kiobel v. Royal Dutch Petroleum Co.*,
  Nos. 02-Civ-7618, 04-Civ-2665, 2008 WL 591869 (S.D.N.Y. Mar. 4, 2008) ..................8

*Lauratex Textile Corp. v. Allton Knitting Mills Inc.*,
  517 F. Supp. 900 (S.D.N.Y. 1981) ....................................................................................5

*Merck & Co. v. Mediplan Health Consulting*,
  425 F. Supp. 2d 402 (S.D.N.Y. 2006) ...............................................................................1

*PaineWebber Inc. v. WHV, Inc.*,
  No. 95-Civ-0052, 1995 WL. 296398 (S.D.N.Y. May 16, 1995) .......................................7

*In re Rhodia S.A. Sec. Litig.*,
  531 F. Supp. 2d 527 (S.D.N.Y. 2007) ...............................................................................7

*SODEPAC, S.A. v. Choyang Park*,
  No. 02-Civ-3927, 2002 WL. 31296341 (S.D.N.Y. Oct. 10, 2002) ....................................8

*Sun Micro Med. Tech. Corp. v. Passport Health Comm'ns, Inc.*,
  No. 06-Civ-2083, 2006 WL 3500702 (S.D.N.Y. Dec. 4, 2006) ...................................2, 3

*United Computer Capital Corp. v. Secure Products, L.P.*,
  218 F. Supp. 2d 273 (N.D.N.Y. 2002) ..............................................................................7

*Warner Bros. Entertainment Inc. v. Ideal World Direct*,
  516 F. Supp. 2d 261 (S.D.N.Y. 2007) ...............................................................................8

### **Statutes**

CPLR 301 ......................................................................................................................................1

CPLR 302 ...............................................................................................................................1, 5, 6

This reply memorandum is respectfully submitted on behalf of defendant Peter Pezaris ("Pezaris") in response to Plaintiffs' Opposition to the Motion of Defendant Peter Pezaris to Dismiss the Amended Complaint, filed April 25, 2008 ("Opposition").

## PRELIMINARY STATEMENT

Plaintiffs' Opposition misses or intentionally ignores the essential arguments of Pezaris' motion to dismiss for lack of personal jurisdiction ("Motion"). In an attempt to avoid dismissal, Plaintiffs conflate theories of liability and pleading requirements, ignore precedent on the adequacy of pleading copyright infringement against corporate officers, misconstrue facts asserted by Pezaris in support of the Motion, and fail to show that due process is anywhere near satisfied. Plaintiffs' retaliatory pleading -- a thinly-veiled attempt to heighten pressure on Multiply by seeking to have its CEO held personally liable for the Company's alleged torts (but only after settlement talks failed) -- does not satisfy well-established pleading requirements and should therefore be dismissed.

## I.

## PLAINTIFFS FAIL TO SATISFY CORPORATE OFFICER PLEADING REQUIREMENTS

As Plaintiffs acknowledge, it is their burden to satisfy the Court's two-prong personal jurisdiction analysis. Opposition at 7. This analysis requires that Plaintiffs first establish that jurisdiction exists pursuant to CPLR 301 or 302, and, second, that exercise of jurisdiction over Pezaris satisfies constitutional due process requirements. *Merck & Co. v. Mediplan Health Consulting*, 425 F. Supp. 2d 402, 419 (S.D.N.Y. 2006). Rather than meet this burden in the Opposition, however, Plaintiffs offer two principal arguments in an attempt to salvage their pleading against Pezaris. First, Plaintiffs assert that by using the plural word "Defendants" throughout the Amended Complaint, they make adequately specific allegations

1

against Pezaris personally, thereby establishing a basis for jurisdiction over him.  Second, Plaintiffs argue that allegations against Multiply alone are sufficient to confer personal jurisdiction over Pezaris because copyright law does not recognize the fiduciary shield doctrine for corporate officers.  Both of these arguments ignore federal pleading requirements and settled copyright law, and are wholly inadequate to defeat the Motion.

A. **Copyright Infringement Actions Against a Corporate Officer Must Contain Specific Allegations That The Officer Authorized And Approved The Infringement.**

Plaintiffs argue at length there are sufficient allegations against Pezaris because Plaintiffs used the plural word "Defendants" when referring to the allegedly wrongful actions giving rise to this suit.  Pursuant to this Court's precedent, this argument violates both the letter and spirit of federal pleading requirements.

Under a copyright infringement theory, a pleader must state "by what acts and during what time the [defendant] infringed the copyright."  *Sun Micro Med. Tech. Corp. v. Passport Health Comm'ns, Inc.*, No. 06-Civ-2083, 2006 WL 3500702, at *12 (S.D.N.Y. Dec. 4, 2006) (dismissing copyright infringement claim against corporate officers in absence of specific allegations as to their involvement in the alleged infringement).  In actions against corporate officer defendants, this means that plaintiffs must allege *facts* sufficient to plausibly infer that the officer "'*authorized and approved the acts of [infringement]*' which are the basis of the corporations [sic] liability."  *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 270-71 (S.D.N.Y. 2000) (quoting *Bambu Sales, Inc. v. Sultana Crackers, Inc.,* 683 F.Supp. 899, 913 (E.D.N.Y. 1988)) (emphasis added).  More specifically, the pleading must allege that the officer was a "moving, active conscious force" behind the infringement.  *Id.*

Plaintiffs attempt to circumvent this precedent by arguing that *all* allegations referring to "Defendants" are made against Pezaris personally.  That construction is

2

impossible, however, given that all of the allegedly infringing activity occurred on http://multiply.com, a website that is owned *exclusively* by Multiply, Inc. ("Multiply").[1]  In other words, it is not *Pezaris* that allegedly hosted computer files and downloaded them to users' computers, it was a website owned by the company for which Pezaris works.  The question, then, returns to whether Pezaris may be held personally liable for *Multiply's* actions due to his status as one of Multiply's directors and officers.  In order to allow individual defendants to respond to such allegations, plaintiffs must provide specific, plausible facts asserting the officer's active involvement in the alleged infringement.  *See Sun Micro*, 2006 WL 3500702, at *12 (dismissing copyright infringement claims against individual defendants because there were no allegations that those defendants controlled the infringement of the direct infringer, the corporate entity alleged to have actually committed infringement).

If one were to accept the Plaintiffs' "Defendants argument," every officer of every corporation could be sued simply by adding the officer's name to a pleading caption and referring to the "Defendants'" wrongful conduct.  Such a result is contrary to the very purpose of pleading requirements; *see Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007) (holding that pleadings must provide a "plausible" basis to infer the truth of the allegations), and contrary to clear copyright precedent from this Court.  *See Sun Micro*, 2006 WL 3500702 (dismissing individual defendants when plaintiffs made unsupported, conclusory statements as to those individual defendants' involvement in corporate

---

[1]  *See* Declaration of Peter Pezaris filed in support of the Motion ("Pezaris Decl.") ¶ 2 ("Multiply owns and operates a social networking website on the Internet located at http://multiply.com.").  The Opposition acknowledges this ownership structure, though it attempts to downplay the notion of Multiply's sole ownership.  *See* Opposition, at 4 ("Multiply and Pezaris operate an internet and mobile site and service located at (footnote continued)

defendant's alleged copyright infringement); *Cable News Network, L.P. v. GoSMS.com, Inc.*, 00-Civ-4812, 2000 WL 1678039, at *6 (S.D.N.Y. Nov. 6, 2000) (dismissing copyright infringement claim against director and major shareholder of allegedly infringing company where plaintiffs failed to allege "acts of infringement, supervision or control over the direct infringers, or contribution to the infringement"). As such, Plaintiffs' argument fails.

**B.   Plaintiffs' Allegations Regarding Pezaris'
       Control Over Multiply Are Inadequate as a Matter of Law.**

Having failed to allege any jurisdictional basis for Pezaris' alleged direct copyright infringement, Plaintiffs attempt to establish that Pezaris controlled Multiply's alleged infringement to such an extent that personal jurisdiction over Pezaris personally was proper. *See generally* Motion at 6-9. Plaintiffs fail to meet this burden because the conclusory allegations of control found in the Amended Complaint do not rise to the level of specificity required by this Court. Essentially, Plaintiffs allege that Pezaris controls Multiply as its President and CEO; this is, of course, a wholly unremarkable assertion. Plaintiffs ignore, however, that they are required to plausibly allege that Pezaris controlled the infringement itself.

*Carell* is instructive. In that case, the Court delineated between adequate and inadequate copyright infringement allegations against corporate officers. Adequate allegations included assertions that the officer was a majority owner of the defendant corporation, that the officer personally authorized or licensed the infringing activities, and that the officer derived their personal fortune directly from the infringement. *Carell*, 104 F. Supp. 2d at 271. Inadequate allegations included broad assertions of control over the

---

http://multiply.com.") (citing Pezaris Decl. ¶ 2); *see also* Amended Complaint ¶¶ 35-36 (alleging *Multiply's* ownership of the website at issue).

4

infringing enterprise and vague allegations that the officers participated "in some if not all" of the infringements. *Id.*

*Carell* is consistent with the weight of authority cited in Pezaris' Motion, which demonstrates that a corporate officer must be a "primary actor" in the wrongful conduct in order for jurisdiction under CPLR 302 to apply. *See* Motion at 7-9. Indeed, the authority cited by Plaintiffs is also in accord with this requirement. *Colour & Design v. U.S. Vinyl Mfg. Corp.*, 04-Civ-8332, 2005 WL 1337864 (S.D.N.Y. June 3, 2005), for example, involved a corporate president who "authorized, controlled, and directed [corporate defendant] to copy the [infringed works] and manufacture, sell and distribute the [infringing works.]" Similarly, *Lauratex Textile Corp. v. Allton Knitting Mills Inc.*, 517 F.Supp. 900 (S.D.N.Y. 1981), the authority upon which most of Plaintiffs' "corporate officer jurisdiction" cases rely, found jurisdiction over a corporate officer who (pursuant to the parties' stipulation) "personally participated" in the alleged copyright infringement. *Id.* at 904.

The common thread in all of these cases cited by the parties is the notion that, in order for jurisdiction to attach over a corporate officer, the officer needs to have personally participated in or personally directed *the actual infringement*. Indeed, Plaintiffs' cited cases finding jurisdiction did so based on plausible facts in the complaint that led to an inference of potential liability. *See generally* Opposition at 9-18. Plaintiffs' allegations regarding Pezaris do not even meet this standard.

The individual allegations detailing Pezaris' involvement in Multiply's website are limited to general assertions that Pezaris controls and benefits from Multiply's overall actions, and that he is a Multiply investor. *See* Amended Complaint, ¶ 39. Nowhere in Paragraph 39 or the Amended Complaint as a whole does it say that Pezaris controls the

5

alleged copyright infringement or that he specifically draws a pecuniary benefit from the alleged infringement itself.  Instead, Plaintiffs merely allege that Pezaris directs Multiply's overall course and is compensated for acting as Multiply's President and CEO.  That describes the role of *any* CEO.  Plaintiffs have *not* alleged (nor can they) that Pezaris was a "moving, active conscious force" behind the infringement.  *Carell*, 104 F. Supp. 2d at 270.  Having failed to do so, their Amended Complaint should be dismissed.

*    *    *

It bears noting that the Amended Complaint was not filed until *after* the parties conducted unsuccessful settlement discussions.  Plaintiffs' approach in adding Pezaris as a party was to make minor edits to the original Complaint (changing the word "Defendant" to "Defendants," for example), and to add a single, entirely conclusory paragraph with allegations relating to Pezaris' personal involvement.  Though this Court may not be able to base dismissal on the suspicion that Plaintiffs' amendment was merely a ploy to put settlement pressure on Multiply's president and CEO, settled law demonstrates that this disingenuous attempt to add Pezaris as a party should be denied.

**II.**

**DUE PROCESS IS NOT SATISFIED HERE
AND PLAINTIFFS FAIL TO MAKE AN ARGUMENT TO THE CONTRARY**

Further evidencing their failure to establish Pezaris is subject to long-arm jurisdiction under CPLR 302, Plaintiffs provide, at best, a cursory due process argument and fail to meet this essential additional requirement to obtaining jurisdiction.  As noted in the Motion, "[t]o establish the minimum contacts necessary to satisfy 'specific' jurisdiction, the plaintiff must first show that his claim arises out of or relates to the defendant's contacts with

the forum state." *In re Rhodia S.A. Sec. Litig.*, 531 F. Supp. 2d 527, 542 (S.D.N.Y. 2007). Plaintiffs do not make any such showing.

As stated in the Motion, Pezaris' *sole* contact with New York consists of a handful of business trips during the past several years, averaging less than a week per year and not related in any way to Multiply's music functionality. Pezaris Decl. ¶ 11. Plaintiffs completely ignore Pezaris' argument that infrequent business trips unrelated to the claims *cannot establish minimum contacts with the forum state*. *See PaineWebber Inc. v. WHV, Inc.*, No. 95-Civ-0052, 1995 WL 296398 (S.D.N.Y. May 16, 1995) (jurisdiction found lacking where business meetings were unrelated to the cause of action and were "exploratory, unproductive or insubstantial"); *United Computer Capital Corp. v. Secure Products, L.P.*, 218 F. Supp. 2d 273, 278 (N.D.N.Y. 2002) (holding that jurisdiction based solely on business meetings must demonstrate a "substantial nexus between the business transacted and the cause of action sued on"). Furthermore, Plaintiffs misconstrue Pezaris' "reasonableness" arguments as *forum non conveniens* arguments, *see* Opposition at 22-23, and do not substantively argue that it would be reasonable to exercise jurisdiction over Pezaris. Instead, they selectively quote portions of the facts stated in Pezaris' Declaration and somehow twist them into "admissions" that this is a reasonable forum for the personal litigation against him.

Plaintiffs' approach to due process reflects a misinformed assumption that scattershot allegations in a complaint can substitute for actual minimum contacts with the forum. This does not comport with the strictures of specific personal jurisdiction and should not be rewarded. Consequently, Pezaris should be dismissed from this action for lack of contacts necessary to satisfy due process requirements.

### III.

### **JURISDICTIONAL DISCOVERY IS NOT WARRANTED**

Finally, although the Court has discretion to order jurisdictional discovery, *Kiobel v. Royal Dutch Petroleum Co.*, Nos. 02-Civ-7618, 04-Civ-2665, 2008 WL 591869, at *10 (S.D.N.Y. Mar. 4, 2008) (citing *Daventree Ltd. v. Republic of Azerbaijan,* 349 F.Supp.2d 736, 761 (S.D.N.Y.2004)), it should deny Plaintiffs' application in this case.  Plaintiffs have advanced nothing more than conclusory allegations regarding Pezaris' involvement in the alleged infringement, and such allegations do not justify the burden and expense of additional discovery.  *See, e.g., Warner Bros. Entertainment Inc. v. Ideal World Direct,* 516 F.Supp.2d 261, 267 (S.D.N.Y. 2007) (denying jurisdictional discovery where plaintiff's jurisdictional allegations were "generalized" and failed to allege any "specific connection" to the forum); *SODEPAC, S.A. v. Choyang Park,* No. 02-Civ-3927, 2002 WL 31296341, at *5 (S.D.N.Y. Oct. 10, 2002) (denying jurisdictional discovery where plaintiff made only "[v]ague and generalized" allegations insufficient to establish a prima facie case); *Celton Man Trade, Inc. v. Utex S.A.,* No. 84-Civ-8179, 1986 WL 6788, at *4 n. 3 (S.D.N.Y. June 12, 1986) (denying jurisdictional discovery where plaintiff offered only "unsupported speculation" that defendant had done business in the forum).

Courts have recognized that sound policy considerations militate against permitting discovery for jurisdictional fishing expeditions.  *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 715 (1982) (Powell, J.) (concurring opinion) ("A plaintiff is not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction."); *Gear, Inc. v. L.A. Gear California, Inc., 637 F.Supp. 1323, 1328 (S.D.N.Y.1986)* ("Discovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts....") (citation omitted).

8

Here, given that Plaintiffs have made *no* showing – either in the Amended Complaint or the Opposition – of any basis upon which to contend in good faith that specific or general jurisdiction over Pezaris exists, the Court should deny Plaintiffs' request for jurisdictional discovery.

## CONCLUSION

Upon the reasons and authorities discussed above, in its initial moving papers, and upon the facts in the Pezaris Declaration submitted therewith, defendant Peter Pezaris respectfully requests that his motion to dismiss the Amended Complaint as against him for lack of personal jurisdiction be granted.

Dated:   New York, New York
         May 9, 2008

> By: /s/ Jeffrey A. Conciatori
>     Jeffrey A. Conciatori
>     (jeffreyconciatori@quinnemanuel.com)
>     Jonathan B. Oblak
>     (jonathanoblak@quinnemanuel.com)
>     Adam B. Wolfson
>     (adamwolfson@quinnemanuel.com)
>     QUINN EMANUEL URQUHART
>       OLIVER & HEDGES, LLP
>     51 Madison Avenue
>     New York, New York 10010
>     (212) 849-7000
>
>     Attorneys for Defendants
>       *Multiply, Inc. and Peter Pezaris*